UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: LARONDA FREEMAN,

ACCLAIM LEGAL SERVICES, P.L.L.C.

    Appellant,

vs.

    Case No. 19-13412
    HON. GEORGE CARAM STEEH

TAMMY L. TERRY, TRUSTEE,

    Bankruptcy No. 18-50250

    Appellee.
_____/

**ORDER DENYING BANKRUPTCY APPEAL**

This matter comes before the court on appeal from a ruling in the Bankruptcy Court. The issue on appeal is whether 11 U.S.C. § 330(a)(4)(B), which governs compensation for professionals, permits compensation only for "work related to, and in furtherance of, the Chapter 13 phase" when a case is converted from Chapter 7 to Chapter 13. Appellant argues the bankruptcy court erred in finding that services rendered by appellant's counsel while the case was proceeding under Chapter 7 were not "in connection with the bankruptcy case" within the meaning of 11 U.S.C. § 330(a)(4)(B). For the reasons stated below, the court AFFIRMS the decision of the Bankruptcy Court.

The Chapter 13 Trustee filed a response brief on appeal, which the

appellant seeks to have stricken for three reasons: (1) the Trustee did not object to the fee application; (2) the brief was filed two days late; and (3) the brief introduces new issues on appeal. The court first notes that it requested the Trustee file a response to appellant's brief. Second, the fact that the response was filed two days late is harmless and not prejudicial to appellant. Finally, the court is aware of the facts of the underlying case and will consider the Trustee's legal arguments made in response to appellant's brief in the context of the facts. Appellant's motion to strike (ECF No. 7) is DENIED.

## PROCEDURAL BACKGROUND

Appellant and debtor, Laronda Freeman, filed a Chapter 7 Bankruptcy petition on July 24, 2018. The Chapter 7 Statement of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b) disclosed that the debtor paid attorney fees in the form of a flat fee of $895.00 plus the $335.00 filing fee. The flat fee did not include "representation of the debtors in any dischargeability actions, judicial lien avoidance, relief from stay actions or any other adversary proceedings."

On September 12, 2018, the U.S. Trustee filed a motion to dismiss, alleging the debtor's current monthly income was not less than the requirement under 11 U.S.C. § 707(b)(2)(A) or (B). On September 25,

2018, counsel for debtor filed a response to the motion to dismiss. In an effort to avoid dismissal or conversion of the Chapter 7 case, counsel for debtor filed four sets of amended Schedules I and J, nine amended means test (monthly income) forms, and a detailed brief.   Counsel for debtor attended an October 10, 2018 hearing on the motion to dismiss, as well as the continued hearing on December 12, 2018.   At the December 12, 2018 hearing, the Bankruptcy Court issued an oral opinion conditionally granting the Trustee's motion to dismiss.   The Bankruptcy Court's written order gave the debtor 14 days to file a motion to convert the case to one under Chapter 13 or the Court would dismiss the case.   Counsel for debtor filed a motion to convert the case to Chapter 13 on December 26, 2018 and the motion was granted on January 29, 2019.

On February 12, 2019, debtor's counsel filed a Chapter 13 compensation statement disclosing that debtor agreed to pay attorney fees in the form of a flat fee of $3,500 for the Chapter 13 portion of the case. The statement further provided that if the debtor's counsel filed a fee application and the court ordered a higher fee amount, the attorney fee could exceed the flat fee based on an hourly rate of $300.

An order confirming debtor's Chapter 13 Bankruptcy Plan was entered August 28, 2019, stating that counsel for debtor would file a fee

application for pre-confirmation fees and costs. The fee application was filed on September 12, 2019, wherein counsel for debtor asserted $7,949 in fees and costs, including services incurred prior to the January 29, 2019 order of conversion to Chapter 13. On October 9, 2019, the Bankruptcy Court entered an order requiring counsel for debtor to file a supplement addressing whether the court could approve the pre-conversion fees and costs, citing *Lamie v. United States Trustee*, 540 U.S. 526 (2004). Counsel for debtor filed the supplement on October 23, 2019. On November 4, 2019, the Bankruptcy Court entered an order granting the fee application in part, but reducing the attorney fees by $3,753.50 on the ground that fees attributable to services rendered during the Chapter 7 phase were not "in furtherance of the Chapter 13 phase" of the bankruptcy case.

## LEGAL STANDARD

This court reviews legal issues and interpretations made by the Bankruptcy Court *de novo*. *In re Calhoun*, 715 F.2d 1103, 1111 (6th Cir. 1983). Review of factual determinations by the Bankruptcy Court is done under a clearly erroneous standard. *In re Perlin*, 30 F.3d 39, 40 (6th Cir. 1994).

## ANALYSIS

Appellant's argument on appeal is that 11 U.S.C. § 330(a)(4)(B),

which governs compensation for professionals employed by debtors in the context of Chapter 13, does not consider the procedural status of a bankruptcy case at the time services are rendered. Appellant focuses on the requirement that services be rendered "for representing the interests of the debtor in connection with the bankruptcy case . . . ." In this case, debtor's attorney contends he vigorously represented the debtor's interests in opposing the Trustee's motion to dismiss, ultimately leading to the case being converted to Chapter 13. Therefore, debtor's attorney argues his services meet the requirements of § 330(a)(4)(B), notwithstanding the fact that the case was a Chapter 7 at the time the services at issue were rendered.

The Bankruptcy Court determined that in the context of a converted case, the phrase "in connection with the bankruptcy case" in § 330(a)(4)(B) refers to the Chapter 13 phase of the case only. The court reasoned that the phrase is contained in a sentence that begins by referring to "a chapter 13 case," so "in connection with the bankruptcy case" means "in connection with" the "chapter 13 case" (ECF No. 1, pp. 9-10). Applying this interpretation of the statutory language, the court denied the debtor's attorney fees for work done in connection with the Chapter 7 phase of the case.

While the Bankruptcy Court, and therefore appellant in in her appeal, focuses on the language "in connection with the bankruptcy case", this court finds that appellant is not entitled to the fees incurred in the Chapter 7 phase for another reason. Section 330(a)(4)(B) has a second limitation on allowing compensation to the debtor's attorney in a Chapter 13 case, specifically that the court is to consider "the benefit and necessity of such services to the debtor . . . ." In the Fee Application, as to the fees at issue on appeal, debtor's attorney stated that "[a] substantial portion of the fee requested is related to services rendered on behalf of and for the benefit of the Debtor in opposing the Trustee's motion to dismiss her Chapter 7 case." The Bankruptcy Court found "**all** of the work reflected in **all** of the time entries, through the December 12, 2018 time entry, was specifically in furtherance of the Debtor's strenuous efforts to keep this case in Chapter 7, and to **avoid** having to convert the case to Chapter 13." (ECF No. 1, p. 12) (emphasis in original).

It is clear from the record that the work undertaken by the debtor's attorney in amending schedules and income statements, and in opposing the Trustee's motion to dismiss on the basis that the Chapter 7 case was improper based on debtor's monthly disposable income, was unnecessary and did not benefit the debtor. The Bankruptcy Court's finding, that the

legal work engaged in following the Trustee's motion to dismiss was done to avoid having to convert to a Chapter 13, is supported by the record and is not clearly erroneous. This court affirms the Bankruptcy Court's determination regarding attorney fees, albeit for a different reason. Debtor's counsel in this case is not entitled to compensation for the disallowed fees incurred while the case was in Chapter 7 because such services were not necessary and did not benefit the debtor.

## CONCLUSION

IT IS HEREBY ORDERED THAT appellant's appeal is DENIED.

IT IS HEREBY FURTHER ORDERED THAT appellant's motion to strike Trustee's response brief (ECF No. 7) is DENIED.

So ordered.

Dated: March 26, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on March 26, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk